J. S15040/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN RAMOS, | : | No. 1016 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, March 4, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-1001391-2005

BEFORE:  STABILE, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 16, 2018**

John Ramos appeals from the March 4, 2016 order entered in the Court of Common Pleas of Philadelphia County that dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court set forth the following:

> On December 8, 2006, after a jury trial before Judge Renee Cardwell Hughes, [appellant] was found guilty of rape, aggravated indecent assault, corruption of the morals of a minor and unlawful contact with a minor.[1]  On July 27, 2007, following a Megan's Law hearing, [appellant] was found to be a sexually violent predator.  Also on July 27, 2007, Judge Hughes sentenced [appellant] to an aggregate term of twenty (20) to forty (40) years of imprisonment followed by fifteen (15) years of probation  [Appellant] filed **pro se** a post-sentence

---

[1] 18 Pa.C.S.A. §§ 3121, 3125, 6301, and 6318, respectively.

motion for reconsideration of sentence; it was denied on August 9, 2007. [Appellant] filed a notice of appeal, and on September 22, 2008, [appellant's] judgments of sentence were affirmed by the Pennsylvania Superior Court. On February 27, 2009, [appellant's] petition for allowance of appeal was denied by our Supreme Court.

On December 11, 2009, [appellant] timely filed a *pro se* PCRA petition. David Rudenstein, Esquire, was subsequently appointed to represent [appellant], and on May 30, 2012, counsel filed an Amended PCRA Petition on [appellant's] behalf. On November 16, 2012, this court issued a notice of its intention to dismiss [appellant's] Amended PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. On December 12, 2012, [appellant] filed a *pro se* response to this court's 907 notice, arguing, *inter alia*, that his PCRA counsel was ineffective for failing to raise one of [appellant's] claims in the Amended Petition. On December 27, 2012, after conducting a review of the record, this court dismissed [appellant's] Amended Petition without a hearing.

On January 9, 2013, [appellant] timely filed a *pro se* notice of appeal of this court's dismissal of his PCRA Petition to the Pennsylvania Superior Court, and on January 11, 2013, [appellant] filed *pro se* an unsolicited "1925(b) Statement of Matters Complained of Appeal." On January 22, 2013, [appellant's] PCRA counsel also filed an unsolicited "Statement of Matters Complained of Pursuant to Rule of Appellate Procedure 1925(b)"; counsel omitted from the statement a specific claim of ineffectiveness of [appellant's] trial counsel which [appellant] sought to pursue.[Footnote 4] On May 2, 2014, the Superior Court remanded the matter to this court with an instruction to address [appellant's] claim that his PCRA counsel should have raised the issue of his trial counsel's ineffectiveness for failing to object to the Commonwealth's introduction of a child services report ["CSR"] into evidence. The Superior Court also instructed this court to conduct a

hearing pursuant to **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998), to determine if [appellant], in fact, sought to represent himself in pursuing his PCRA claim or desired appointment of counsel.

> [Footnote 4] As noted by our Superior Court, although [appellant] raised the challenge properly in his **pro se** 1925(b) Statement of Matters Complained of on Appeal, the claim was procedurally problematic "due to the obvious problem that PCRA counsel was still counsel of record." **Commonwealth v. Ramos**, 308 EDA 2013, [] (Pa.Super. May 2, 2014).

On May 23, 2014, following a **Grazier** hearing, [appellant] elected to be represented by appointed counsel on remand. J. Matthew Wolfe, Esquire, was thereafter appointed to represent [appellant]. On September 19, 2014, counsel filed an Amended PCRA Petition on [appellant's] behalf.[Footnote 5] On January 16, 2015, counsel filed a Second Amended PCRA Petition.[Footnote 6] On June 22, 2015, counsel filed [appellant's] Third Amended PCRA Petition. On July 1, 2015, [appellant] filed **pro se** an "Amended PCRA to Supplement First Timely Filed PCRA." On August 19, 2015, counsel filed a Fourth Amended PCRA Petition on [appellant's] behalf. On November 3, 2015, the Commonwealth filed a Motion to Dismiss.

> [Footnote 5] On October 20, 2014, [appellant] filed a "Motion for Appointment of [a] New PCRA Counsel" in which he argued that his newly-appointed PCRA counsel failed to include [appellant's] alleged Confrontation Claim; [appellant] subsequently elected to proceed with his counsel.

> [Footnote 6] On March 6, 2015, [appellant] filed a Motion for the Appointment of Counsel Due to Irreconcilable Differences.
>
> On March 4, 2016, following a review of the pleadings, record, evidence and argument of counsel, [appellant's] Petition for Post-Conviction Relief was dismissed as lacking merit.[Footnote 7] On March 30, 2016, [appellant], through his counsel, filed a Notice of Appeal to the Superior Court.[Footnote 8]
>
>> [Footnote 7] The dismissal occurred more than twenty days after [appellant] was served with notice of the forthcoming dismissal of his PCRA petition. Pa.R.Crim.P. 907.
>>
>> [Footnote 8] On May 10, 2016, our Superior Court issued an Order directing compliance with Pa.R.A.P. 3517 and filing the docketing statement with the Prothonotary of the Superior Court by May 20, 2016. On May 19, 2016, [appellan'ts] attorney timely complied with the Superior Court's Order.

Trial court opinion, 1/11/17 at 1-4 (footnotes 1-3 omitted; some brackets in original).

Appellant's counseled brief raises the following issue for our review: "Was trial counsel ineffective in failing to object to the court's defective jury instruction on reasonable doubt?" (Appellant's brief at 3; full capitalization omitted). Our review of the record, however, reveals that appellant failed to

raise this issue in his counseled Rule 1925(b) statement.[2]   Therefore, appellant waives this issue on appeal.  ***See*** Pa.R.A.P. 1925(b)(4)(vii) (issues not included in a petitioner's Rule 1925(b) statement are waived); ***see also Commonwealth v. Hannibal***, 156 A.3d 197, 211 (Pa. 2016); ***cert. denied***, 138 S.Ct. 59 (2017) (reiterating that issues not raised in a petitioner's Rule 1925(b) statement will be deemed waived).

Order affirmed.

---

[2] We note that in his ***pro se*** Rule 1925(b) statement, appellant raised three ineffective assistance of counsel claims.  First, appellant alleged that trial counsel rendered ineffective assistance of counsel for failing to object to "the Commonwealth's inclusion of a DHS report in violation of [appellant's] 6th and 14th amendment right [sic] to confront his accuser and due process of law."  Second, appellant alleged PCRA counsel's ineffectiveness for amending appellant's PCRA petition and failing to include a claim of trial counsel's ineffectiveness for failing to object to the Commonwealth's inclusion of the DHS report and "not objecting to the PCRA [c]ourt holding an incamera [sic] evidentiary hearing . . . to determine the merits of [PCRA counsel's amended claims]."  Third, appellant claimed that the PCRA court abused its discretion when it denied appellant an ***in camera*** evidentiary hearing and did not dispose of his ***pro se*** motion for appointment of new PCRA counsel when he raised a claim of ineffectiveness of PCRA counsel.   (Appellant's "1925(b) statement of matters complained of on appeal," 1/11/13.)

In his counseled Rule 1925(b) statement, appellant alleged that the PCRA court erred in dismissing his PCRA petition without an evidentiary hearing when he "properly pled and could have proven several causes for relief including . . . ineffectiveness of trial counsel where counsel failed to object to a grossly improper instruction to the jury which discounted the importance and even the relevance of character testimony [and] where counsel failed to subpoena and produce known and available witnesses."   (Appellant's "statement of matters complained of pursuant to Rule of Appellate Procedure 1925(b), 1/22/13 at 1.)  In that statement, appellant also claimed his entitlement to a remand for an evidentiary hearing.  (***Id.*** at 2.)

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/18